**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 14-9356-DOC (KK)                    Date: December 10, 2014
                                                    Page 1 of 5

Title:     Carl Edward Beed v. Charles Callahan

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

PRESENT:

**HONORABLE KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| Deb Taylor | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENT:

None Present                             None Present

**PROCEEDINGS: (IN CHAMBERS)**

On November 25, 2014,[1] Carl Edward Beed ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. However, the Petition appears to be untimely on its face.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on November 25, 2014. (See Petition at 16) (The Court refers to the pages of the Petition as if they were consecutively paginated.).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 14-9356-DOC (KK)                    Date: December 10, 2014
                                                    Page 2 of 5

Title:       Carl Edward Beed v. Charles Callahan

filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998). By creating the AEDPA limitations period, Congress intended to "'halt the unacceptable delay which ha[d] developed in the federal habeas process.'" Calderon v. United States District Court (Kelly III), 127 F.3d 782, 785 (9th Cir. 1997) (citation omitted), overruled in part on other grounds, Kelly V, 163 F.3d at 540.

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.   CV 14-9356-DOC (KK)            Date: December 10, 2014
                                           Page 3 of 5

Title:   Carl Edward Beed v. Charles Callahan

      As indicated above, a petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." Id.

      In this case, Petitioner was sentenced on February 3, 2011. The Petition states Petitioner did not file a direct appeal of his conviction. Hence, Petitioner's conviction became "final" under section 2244(d)(1)(A) sixty days later—the time available for filing a direct appeal under California Rule of Court 8.308—on April 4, 2011. Thus, under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on April 5, 2011 and expired one year later, on **April 3, 2012.** The instant Petition was not constructively filed until November 25, 2014. Therefore, the instant Petition is untimely by over two years, absent tolling.

      The AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the Supreme Court has explained that if a state habeas petition is not timely filed under the applicable state law, it is not "properly filed" and will not toll the AEDPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). On collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

      Here, Petitioner appears to have filed six state applications for post-conviction review: (1) a petition for writ of habeas corpus in the California Court of Appeal on December 27, 2011, which was denied on January 5, 2012; (2) a motion to file a belated notice of appeal in the California Court of Appeal on January 30, 2012, which was denied on February 2, 2012; (3) a petition for writ of habeas corpus in the Los Angeles County Superior Court on May 30, 2013, which was denied on June 4, 2013; (4) a petition for writ of habeas corpus in the Los Angeles County Superior Court on October 28, 2013, which was denied on

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 14-9356-DOC (KK)                    Date: December 10, 2014
                                                     Page 4 of 5

Title:       Carl Edward Beed v. Charles Callahan

November 12, 2013; (5) a petition for writ of habeas corpus in the California Court of Appeal on January 30, 2014, which was denied on February 5, 2014; and (6) a petition for writ of habeas corpus in the California Supreme Court on April 1, 2014, which was denied on June 11, 2014. Even assuming that these applications were properly filed and that Petitioner is therefore entitled to statutory tolling for the short periods these applications were pending, the instant Petition would still be untimely by over two years. Furthermore, the latter four petitions filed in 2013 and 2014 cannot be a basis for statutory tolling in any case because the statute of limitations would have expired *prior* to the filing of these four petitions. Petitioner is further advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S.631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). There are no allegations in the Petition suggesting Petitioner is entitled to equitable tolling. Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling).

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed pursuant to the AEDPA one-year period of limitation. Petitioner is advised to inform the Court of any reason that he may be entitled to statutory or equitable tolling.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.    CV 14-9356-DOC (KK) | Date: December 10, 2014 |
| | Page 5 of 5 |

Title:        Carl Edward Beed v. Charles Callahan

of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.