O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EDWARD BEED, | ) Case No. CV 14-9356-KK |
| Petitioner, | ) |
| v. | ) **MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION** |
| CHARLES CALLAHAN, | ) |
| Respondent. | ) |
| _____ | ) |

Carl Edward Beed ("Petitioner"), a California state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), challenging the sentence imposed for his 2010 conviction for attempted robbery in Los Angeles County Superior Court. As set forth below, the Court finds the Petition untimely under the one-year statute of limitations for federal habeas petitions challenging state court convictions. Accordingly, the Petition is denied and this action is dismissed with prejudice.

///
///
///
///

# I.

# **PROCEDURAL HISTORY**

On December 22, 2010, Petitioner pleaded no contest to one count of attempted robbery, in violation of California Penal Code section 664 and 221, in Los Angeles County Superior Court. See Lodg. No. 1 at 8.[1] On February 3, 2011, the trial court sentenced Petitioner to seventeen years in state prison. Id.

On April 19, 2011, Petitioner constructively[2] filed a motion for transcripts of his trial court proceedings in the Los Angeles County Superior Court. Lodg. No. 2. On May 24, 2011, the Superior Court denied the motion. Lodg. No. 3.

On May 29, 2011, Petitioner constructively filed a second motion for transcripts in the Los Angeles County Superior Court. Lodg. No. 4. On September 20, 2011, the Superior Court denied the motion. Lodg. No. 1 at 10.

On December 20, 2011, Petitioner constructively filed a "Petition for Writ of Habeas Corpus and/or Application For Relief From Default re: Notice of Appeal," in the California Court of Appeal. Lodg. No. 5. On January 5, 2012, the Court of Appeal denied the petition. Lodg. No. 6.

---

[1] The Court's citations to Lodged Documents refer to the documents lodged by Respondent in support of his Motion to Dismiss. (ECF Docket No. 21).

[2] Under the "mailbox rule," which "applies to federal and state petitions alike[,]" Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010), a "habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court, not when the petition is filed by the court." Ramirez v. Yates, 571 F.3d 993, 996 n.1 (9th Cir. 2009) (internal quotation marks and citation omitted); see Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). In the absence of evidence to the contrary, a petition may be deemed delivered to prison authorities (and thus, constructively filed) on the day the petition was signed. See Porter III v. Ollison, 620 F.3d 952, 955 & n. 2 (9th Cir. 2010).

On January 12, 2012, Petitioner constructively filed a notice of appeal and a request for certificate of probable cause in the Los Angeles County Superior Court. Lodg. No. 7. On January 31, 2012, the Superior Court denied Petitioner's request for a certificate of probable cause and on February 9, 2012, the Superior Court denied Petitioner's notice of appeal as untimely. Lodg. No. 1 at 11.

On January 23, 2012, Petitioner constructively filed an "Application for Relief from Procedural Bar and For Leave to file Second or Amended Application for Relief from Default and For Permission to File a Belated Notice of Appeal," in the California Court of Appeal. Lodg. No. 8. On February 2, 2012, the Court of Appeal denied the application. Lodg. No. 9.

On March 30, 2012, Petitioner constructively filed a request for a ruling on a previously-filed request for records in the Los Angeles County Superior Court. Lodg. No. 10. On May 17, 2012, the Superior Court denied the request. Lodg. No. 11.

On August 4, 2012, Petitioner constructively filed a third request for transcripts of his trial court proceedings in the Los Angeles County Superior Court. Lodg. No. 1 at 13. On August 13, 2012, the Superior Court denied Petitioner's request. Id.

On October 2, 2012, Petitioner constructively filed a fourth request for transcripts in the Los Angeles County Superior Court. Id. at 14. On October 2, 2012, the Los Angeles County Superior Court granted Petitioner's request for transcripts and sent Petitioner copies of his plea and sentencing transcripts. Id.

On May 30, 2013, Petitioner constructively filed a petition for a writ of habeas corpus in the Los Angeles County Superior Court. Lodg. No. 12. On June 4, 2013, the Superior Court denied the petition. Lodg. No. 13.

On October 31, 2013, Petitioner constructively filed a second petition for a writ of habeas corpus in the Los Angeles County Superior Court. Lodg. No. 14. On November 12, 2013, the Superior Court denied the petition. Lodg. No. 15.

On January 26, 2014, Petitioner constructively filed a petition for a writ of habeas corpus in the California Court of Appeal. Lodg. No. 16. On February 5, 2014, the Court of Appeal denied the petition. Lodg. No. 17.

On March 26, 2014, Petitioner constructively filed a petition for a writ of habeas corpus in the California Supreme Court. Lodg. No. 18. On June 11, 2014, the Supreme Court denied the petition. Lodg. No. 19.

On November 25, 2014, Petitioner constructively filed the instant Petition. (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner asserts three claims in support of his request for habeas relief: (1) breach of Petitioner's plea agreement; (2) Petitioner's plea was not intelligent; and (3) Petitioner's sentence was illegally based on prior convictions sustained in 1982. (Id.).

On December 10, 2014, finding the Petition to be untimely on its face, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed as Untimely ("OSC"). (Dkt. 6). On December 22, 2014, Petitioner filed a Response to the Court's OSC. (Dkt. 9). On January 13, 2015, the Court issued an order requiring Respondent to file a response to the Petition. (Dkt. 10).

On May 13, 2015, Respondent filed a Motion to Dismiss, contending the Petition is untimely under 28 U.S.C. § 2244(d)(1).[3] (Dkt. 20). Petitioner has failed to file a timely opposition to the Motion.

---

[3] In the Motion, Respondent also contends the Petition's claims have not been exhausted or are barred on other grounds. Mot. at 9-15. Because the Court dismisses the Petition on timeliness grounds, the Court does not address these other contentions.

4

Both parties have consented to the jurisdiction of the undersigned U.S. Magistrate Judge. (Dkt. 2, 19, 22). The matter thus stands submitted and ready for decision.

## II.

## DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

### A. Petitioner Did Not File His Petition Within AEDPA's One-Year Limitations Period

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[4] Here, because Petitioner did not file a timely notice of appeal after his conviction and sentencing, Petitioner's conviction became "final" sixty days after the date of his sentencing—the time available for filing a direct appeal under California Rule of Court 8.308—on April 4, 2011. See 28 U.S.C. § 2244(d)(1)(A) (holding that conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review"). Consequently, under Section 2244(d)(1)(A), the AEDPA limitations period commenced on April 5, 2011 and lapsed a year later

---

[4] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

on April 3, 2012.  28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a).  Petitioner did not constructively file this action until November 25, 2014—over two and a half years after the limitations period elapsed.  Hence, the Petition is untimely under Section 2244(d)(1).

### B. Statutory Tolling Cannot Render The Petition Timely

AEDPA sets forth a statutory tolling provision which suspends Section 2244(d)(1)'s limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  Statutory tolling is also available for the period between a lower state court's denial of a post-conviction petition and the filing of a similar petition in a higher court as long as the duration of the "gap" is reasonable or justified under state law.  See Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); see also Evans v. Chavis, 546 U.S. 189, 191-92, 200-01, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006).

The State of California does not statutorily specify time limits within which an appeal of a post-conviction decision must be made; rather, such appeals are to be filed in "due diligence" within a "reasonable time" with fact-based explanations and justifications for any substantial delay.  See Saffold, 536 U.S. at 235 (quoting In re Harris, 5 Cal. 4th 813, 828 n.7, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993)); In re Robbins, 18 Cal. 4th 770, 795 n.16, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998).  Although the U.S. Supreme Court has suggested a delay that exceeds sixty days would be out of the norm under California law and would require an explanation, the Court has not defined what constitutes a "reasonable time," and has instead held "the federal court must decide whether the filing . . . was made within what California would consider a 'reasonable time.'"  Chavis, 546 U.S. at 192, 198 ("[T]he Circuit must itself examine the delay in each case and determine what the

state courts would have held in respect to timeliness."). Accordingly, the Ninth Circuit has held that an unexplained delay "substantially longer than . . . 30 to 60 days" is not reasonable under California law. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (*per curiam*) (internal quotation marks omitted) (denying statutory tolling for delays of 101 and 115 days). More specifically, the Ninth Circuit has held that unjustified gaps of eighty-one and ninety-one days between the filing of state habeas petitions in California do not toll the AEDPA limitations period. Velasquez v. Kirkland, 639 F.3d 964, 967 (9th Cir. 2011).

Here, as noted in Section I, Petitioner filed twelve different applications, petitions, and motions in various state courts after his conviction and sentencing. Six of these filings were petitions for a writ of habeas corpus, while the other six were miscellaneous filings. The Court separately assesses whether and to what extent each set of filings tolled the AEDPA limitations period.

### 1. Petitioner's Six Miscellaneous Filings Were Not Properly Filed Applications for Post-Conviction Relief Under 28 U.S.C. § 2244(d)(2).

After his conviction and sentencing, Petitioner filed six different miscellaneous motions and requests in state court. First, Petitioner filed five different requests for copies of transcripts of his trial court proceedings in April 2011, May 2011, March 2012, August 2012, and October 2012. Lodg. Nos. 2; 4; 10; 1 at 13-14. Such filings do not constitute "application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claim," under Section 2244(d)(2). See Rosati v. Kernan, 417 F. Supp. 2d 1128, 1131 (C.D. Cal. 2006) (statute of limitations not tolled during pendency of motion for transcripts); see also Meadows v Jacquez, 242 F. Appx. 453, 454 (9th Cir. 2007) (petitioner's mandamus petitions to compel production of medical records did not toll limitations period because they were not applications for state post-

7

conviction relief or other review within the meaning of AEDPA).

Second, Petitioner filed an untimely notice of appeal and request for certificate of probable cause in the Los Angeles County Superior Court on January 12, 2012. Lodg. No. 7. This untimely notice of appeal also does not constitute a "properly filed" application for post-conviction relief, under Section 2244(d)(2). See Broughton v. Uribe, No. CV 10-2492-SJO (FFM), 2011 WL 1743256, at *2 (C.D. Cal. Jan. 28, 2011), report and recommendation adopted, No. CV 10-2492-SJO (FFM), 2011 WL 1740786 (C.D. Cal. May 5, 2011) (improperly filed notice of appeal does not toll the AEDPA limitations period).

Accordingly, Petitioner's six miscellaneous filings did not toll the AEDPA limitations period.

## 2. Petitioner's Six State Habeas Corpus Petitions Alone Do Not Render the Petition Timely.

After his conviction and sentencing, Petitioner filed six petitions for a writ of habeas corpus in various California courts: (1) a petition for a writ of habeas corpus in the California Court of Appeal on December 20, 2011, which was denied on January 5, 2012; (2) an "Application for Relief from Procedural Bar and For Leave to file Second or Amended Application for Relief from Default and For Permission to File a Belated Notice of Appeal"[5] in the California Court of Appeal on January 23, 2012, which was denied on February 2, 2012; (3) a petition in the Los Angeles County Superior Court on May 30, 2013, which was denied on June 4, 2013; (4) a petition in the Los Angeles County Superior Court on October 31, 2013, which was denied on November 12, 2013; (5) a petition in the California Court of Appeal on January 26, 2014, which was denied on February 5, 2014; and

---

[5] The Court liberally construes this filing as a petition for a writ of habeas corpus.

8

(6) a petition in the California Supreme Court on March 26, 2014, which was denied on June 11, 2014.  See Lodg. Nos. 5-6, 8-9, 12-19.

        **a.    Petitioner is Only Entitled to Statutory Tolling for the Pendency of His Six State Habeas Petitions for Nearly Five Months.**

Even assuming Petitioner is entitled to statutory tolling for the pendency of all six of his state habeas petitions, they do not render the Petition timely.  First, Petitioner's December 20, 2011 petition in the California Court of Appeal was only pending for seventeen days before it was denied on January 5, 2012.  Second, Petitioner's January 23, 2012 petition in the California Court of Appeal was only pending for eleven days before it was denied on February 2, 2012.  Third, Petitioner's May 30, 2013 petition in the Los Angeles County Superior Court was only pending for six days before it was denied on June 4, 2013.  Fourth, Petitioner's October 31, 2013 petition in the Los Angeles County Superior Court was only pending for thirteen days before it was denied on November 12, 2013.  Fifth, Petitioner's January 26, 2014 petition in the California Court of Appeal was only pending for eleven days before it was denied on February 5, 2014.  Sixth, Petitioner's March 26, 2014 petition in the California Supreme Court was pending for seventy-eight days before it was denied on June 11, 2014.  Together, these petitions were thus pending for one hundred and thirty-six days (*i.e.* nearly five months).

        **b.    Petitioner is Only Entitled to "Gap Tolling" for Nearly Five Months.**

Petitioner only appears entitled to "gap tolling" for three gaps in between the pendency of his six habeas petitions.  First, Petitioner appears entitled to tolling for the eighteen-day gap between the January 5, 2012 denial of his petition in the California Court of Appeal and the constructive filing of his January 23, 2012

9

petition in the California Court of Appeal. Second, Petitioner appears entitled to tolling for the seventy-six-day gap between the November 12, 2013 denial of his petition in the Los Angeles Superior Court and the constructive filing of his January 26, 2014 petition in the California Court of Appeal.[6] Third, Petitioner is entitled to tolling for the fifty-day gap between the February 5, 2014 denial of his petition in the California Court of Appeal and the constructive filing of his March 26, 2014 petition in the California Supreme Court.[7] These gaps add up to a total of one-hundred and forty-four days (*i.e.* nearly five months). When added to the period of time Petitioner's state habeas petitions were pending (*i.e.* one-hundred and thirty-six days), this amounts to a total of two-hundred and eighty days of statutory tolling (*i.e.* roughly nine months). Given that the Petition was filed over *two years* after Petitioner's conviction became "final" (as discussed in Section

---

[6] The Court notes it is not entirely clear whether Petitioner is entitled to tolling for this seventy-six-day period under existing Ninth Circuit precedent. See Robinson v. Lewis, No. 14-15125, 2015 WL 4528948, at *3 (9th Cir. July 28, 2015) (noting lack of clarity in Ninth Circuit precedent as to what length of unexplained delay over sixty days is unreasonable). Given that the question of whether the period was tolled ultimately makes no difference to the resolution of the timeliness issue, the Court assumes the period was tolled.

[7] Petitioner is not entitled to gap tolling for: (1) the four-hundred and eighty-four-day gap between the February 2, 2012 denial of his petition in the California Court of Appeal and the constructive filing of his May 30, 2013 petition in the Los Angeles County Superior Court; and (2) the one-hundred-and-fifty-day gap between the June 4, 2013 denial of his petition in the Los Angeles County Superior Court and the constructive filing of his October 31, 2013 petition in the Los Angeles County Superior Court. Petitioner has offered no justification for these delays and the Ninth Circuit has denied statutory tolling when confronted with unjustified delays of shorter length. See Chaffer, 592 F.3d at 1048 (*per curiam*) (internal quotation marks omitted) (denying statutory tolling for delays of 101 and 115 days).

II.A.), even adding in the time Petitioner is entitled to gap tolling does not render the instant Petition timely. Thus, statutory tolling alone does not render the Petition timely.

C. **Equitable Tolling Cannot Render The Petition Timely**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). The "extraordinary circumstances" requirement means equitable tolling will not be available in most cases. Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (internal quotation marks omitted). "The Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing Pace, 544 U.S. at 417).

A petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 766 F.3d 1161, 1172 (9th Cir. 2014) (internal citation and quotation marks omitted). "The petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (internal citation and quotation marks omitted). Conclusory "assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling." Williams v. Dexter, 649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009) (internal citation omitted).

In his Response to the Court's December 10, 2014 OSC, Petitioner claimed he had been delayed in filing the instant Petition because of "extraordinary circumstances": namely, because he had "tr[ied], for almost two years, to obtain [t]ranscripts, documents, and reports from the courts and [his] lawyer."[8]  Response at 2.  Petitioner claimed to have only received a copy of his trial court transcripts in January 2013.  Id. at 3.  In support of these claims, Petitioner submitted a number of exhibits, including: (1) a November 2, 2011 order from the Los Angeles County Superior Court denying an October 2011 Motion for Transcripts filed by Petitioner; (2) letters to and from the Los Angeles Public Defender's Office in 2011 and 2012 relating to Petitioner's request for transcripts; and (3) a February 2013 letter from the Office of the County Counsel for the County of Los Angeles referencing a January 2012 request by Petitioner for documents relating to his trial court proceedings.  Id., Ex. A, B, C.  Petitioner claimed the delay in gaining access to his trial court transcripts and his diligence in seeking them entitles him to equitable tolling of the limitations period.  Id. at 2-3.

The Ninth Circuit has recognized that the deprivation of access to legal materials can constitute an "extraordinary circumstance" entitling a petitioner to equitable tolling.  See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009).  However, Petitioner "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance" that *prevented him from filing the instant Petition*.  Id.  Here, Petitioner has not shown how his lack of access to his trial court transcripts and

---

[8]  Petitioner also claimed he submitted a letter to the trial judge during his trial court proceedings indicating he wished to file an appeal and that the trial court failed to initiate the appeal process.  Response at 1-2.  Petitioner presents no evidence showing he submitted such a letter.  Moreover, Petitioner fails to show how the trial court's failure to properly process his request for an appeal hindered him from filing the instant Petition.

12

related legal materials prevented him from filing the Petition. In fact, given that the trial court transcripts merely consisted of a change of plea and sentencing hearing, it is entirely unclear why Petitioner would have needed these transcripts to file the Petition. Hence, the Court concludes Petitioner has not met his burden of showing the deprivation of access to his legal materials constituted an "extraordinary circumstance" entitling him to equitable tolling. See id.

Moreover, even assuming Petitioner did not have access to his trial court transcripts until January 31, 2013[9] and that the AEDPA limitations period was equitably tolled until this date, the instant Petition would still be untimely. Petitioner still delayed in filing the instant Petition until November 25, 2014—one year, nine months, and twenty-six days after he allegedly gained access to his trial court transcripts.

Furthermore, Petitioner's filing of state habeas petitions between the time he allegedly gained access to his trial court transcripts in January 2013 and the time he filed the instant Petition would not render the Petition timely. During this interim period, Petitioner filed four state habeas petitions: (1) a petition in the Los Angeles County Superior Court on May 30, 2013, which was denied on June 4, 2013; (2) a petition in the Los Angeles County Superior Court on October 31, 2013, which was denied on November 12, 2013; (3) a petition in the California Court of Appeal on January 26, 2014, which was denied on February 5, 2014; and (4) a petition in the California Supreme Court on March 26, 2014, which was denied on June 11, 2014. See Lodg. Nos. 12-19. These four petitions were only pending for a total of

---

[9] Petitioner does not specify the exact date in January 2013 on which he gained access to his trial court transcripts. Response at 2. Giving the benefit of the doubt to Petitioner, the Court assumes Petitioner was deprived of access to his trial court transcripts until the last day of the month—January 31, 2013.

13

one-hundred and eight days (*i.e.* approximately three months).[10] Moreover, Petitioner is only entitled to "gap tolling" of one-hundred and twenty-six days (*i.e.* approximately four months) for these petitions.[11] Added together, this amounts to two-hundred and thirty-four days of tolling after January 31, 2013 (*i.e.* almost eight months).

The instant Petition was not filed until November 25, 2014—one year, nine months, and twenty-six days after Petitioner allegedly gained access to his trial court transcripts on January 31, 2013. Thus, even assuming Petitioner is entitled to equitable tolling until January 31, 2013 and nearly eight months of statutory tolling for his 2013 and 2014 state habeas petitions, the AEDPA one-year limitations period would still have expired nearly two months prior to the filing of the Petition. Hence, even assuming Petitioner's entitlement to equitable tolling, the Petition is still untimely.

Accordingly, the Court holds the Petition is untimely under 28 U.S.C. section 2244(d)(1) and must be denied.

///
///
///
///
///

---

[10]     Section II.B.2.a. states Petitioner's state habeas petitions were pending for a total of one hundred and thirty-six days (*i.e.* nearly five months), but this figure includes the twenty-eight days his December 20, 2011 and January 23, 2012 petitions in the California Court of Appeal (*i.e.* petitions filed prior to January 2013) were pending.

[11]     Section II.B.2.b. states Petitioner is entitled to "gap tolling" of one-hundred and forty-four days, but this figure includes gaps between petitions filed prior to January 2013.

## III.
## **ORDER**

Based upon the foregoing reasons, the Court finds the Petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

ACCORDINGLY, IT IS HEREBY ORDERED that Judgment be entered summarily dismissing this action with prejudice.

DATED: August 12, 2015

_____
HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE